NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0707n.06
Filed: November 18, 2008

No. 07-1868

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THOMAS J. MATOR; VELMA B. MATOR; DONALD HART; ISTVAN BERDO; ALFRED J. CUREAU, JR., | ) ) ) ) | |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| CITY OF ECORSE, a Michigan Municipal Corporation; DAVID JACOBS, Building Official for the City of Ecorse, | ) ) ) ) | |
| Defendants-Appellants. | ) ) | |

Before: BOGGS, Chief Judge; COLE and COOK, Circuit Judges.

COOK, Circuit Judge. This § 1983 action arises from a zoning dispute between the City of Ecorse, Michigan ("Ecorse" or the "City"), its building official, David Jacobs, and several Plaintiffs who each own or owned Ecorse property zoned for "viable nonconforming use." As part of a clean-up effort, the City used placards to designate the Plaintiffs' unoccupied residential properties as nonconforming structures, eliminating further use of the properties unless the Plaintiffs obtained a variance from the City. The Plaintiffs allege that the City's actions violated procedural due process. On cross-motions for summary judgment, the district court ruled for the owners and against the City. We affirm.

No. 07-1868
*Mator v. Ecorse*

I.

When Ecorse revised its zoning regulations by ordinance in 1983 (the "Ordinance"), new setback, square-footage, and lot-size requirements rendered many formerly compliant properties non-compliant. The Ordinance included a typical grandfather provision that tolerated such nonconforming status—labeled viable-nonconforming-use status—unless the property owner discontinued use for six consecutive months. The grandfather clause read:

> If a lawful use of a structure, or of structures and land in combination, exists at the effective date of adoption or amendment of this Ordinance, that would not be allowed in the district under the terms of this Ordinance, the lawful use may be continued so long as it remains otherwise lawful, subject to the following provisions:
>
> . . .
>
> When a nonconforming use of a structure, or structure and premises in combination is discontinued or ceases to exist for a period of six (6) consecutive months . . . the structure, or structure and premises in combination shall not thereafter be used except in conformance with the regulations of the district in which it is located. Structures occupied by seasonal uses are exempt from this provision.

Ecorse, Mich. Zoning Ordinance art. 11, § 11.002(e)(5). As part of a new clean-up plan, Ecorse began placarding viable-nonconforming-use properties that it deemed to have been vacant for six consecutive months, forbidding the owners from using the property without a variance—which it required before providing owners a certificate of occupancy.

The Plaintiffs allege that the City's actions deprived them of a property interest without due process of law in violation of the Fourteenth Amendment. On cross-motions for summary judgment,

the district court concluded that the Plaintiffs "had no opportunity to contest the loss of their property's [viable-nonconforming-use] status before the zoning board," lacked a process to dispute the City's six-month-vacancy determination, and could only request a variance. The court concluded that the City violated the Plaintiffs' procedural due process rights, and this timely appeal followed.

## II.

This court reviews de novo a district court's grant of summary judgment under Fed. R. Civ. P. 56(c). *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). Drawing all reasonable inferences in favor of the nonmoving party, summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Village of Oakwood*, 539 F.3d at 377 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.

### A.

In arguing for reversal, the City not only challenges the district court's procedural-due-process holding, it disputes that municipal liability exists under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). First we dispense with the City's *Monell* defense. The City argues that it cannot be held liable under § 1983 because the Plaintiffs failed to demonstrate that municipal policy or custom was the "moving force" behind the alleged constitutional violation. *Id.* at 694; *see*

*also Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996).  But the City concedes that the "entire procedure" for an individual whose property lost viable-nonconforming-use status is an opportunity to apply to the zoning board for a variance.  JA 145 (Dep. of David Jacobs); *see* Ordinance § 11.002(e)(5).  So, requiring a variance application is a *City policy* that deprived the Plaintiffs of their properties' grandfathered status.  *Monell* thus offers no refuge to Ecorse.  *See* 436 U.S. at 694.

B.

We follow a two-part analysis in assessing the Plaintiffs' procedural due process claim, asking first, whether the alleged deprivation involves a protected property interest, and second, whether "the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  Constitutionally sufficient procedure generally involves both prior notice and an opportunity for a pre-deprivation hearing.  *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 572 (6th Cir. 2008); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).  But where a pre-deprivation hearing is impracticable or quick action is necessary, a post-deprivation hearing may be adequate.  *Harris*, 20 F.3d at 1401.  The City contends that the Plaintiffs did not have a constitutionally protected property interest in the viable-nonconforming-use status and that the Plaintiffs received constitutionally sufficient procedural due process.  We reject each argument in turn.

The Constitution does not create property rights—independent sources of law, such as state law, create and define them. *Braun*, 519 F.3d at 573; *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002). In the instant case, Michigan law protects viable-nonconforming-use status as a property interest. In *Heath Township v. Sall*, 502 N.W.2d 627 (Mich. 1993), the Michigan Supreme Court held that "[a] prior nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date." *Id.* at 629.

Without any mention of the *Sall* decision, the City relies on an inapposite case, *Silver v. Franklin Township Board of Zoning Appeals*, 966 F.2d 1031 (6th Cir. 1992), to contest the district court's determination that viable-nonconforming-use status is a constitutionally protected property interest. The plaintiff in *Silver* alleged that a zoning board's denial of a conditional zoning certificate violated his substantive due process rights. *Id.* at 1033. The *Silver* court rejected this argument, concluding that because Silver had neither a legitimate claim of entitlement to the zoning certificate nor a justifiable expectation that the Board would issue the certificate, he did not have a protected property right that could support a *substantive* due process claim. *Id.* at 1036. But the "interests protected by substantive due process are of course much narrower than those protected by procedural due process," so *Silver* is not on point. *Bell v. Ohio State Univ.*, 351 F.3d 240, 249–50 (6th Cir. 2003); *see id.* at 250 (noting that property interests protected by procedural due process "may be substantively modified or abolished by the legislature," while those protected by substantive due process "the legislature may *not* infringe unless supported by sufficiently important state interests").

- 5 -

The *Sall* holding settles the question of whether the Plaintiffs had a constitutionally protected property interest for procedural due process purposes, and the district court did not err in concluding likewise.

Having established that viable-nonconforming-use status is a protected property interest under Michigan law, we turn to whether the Plaintiffs received constitutionally sufficient procedure. *See Braun*, 519 F.3d at 572; *Harris*, 20 F.3d at 1401. The district court concluded that the placarding of the Plaintiffs' properties constituted sufficient notice, and the Plaintiffs make no argument that it does not, so we focus on whether the Plaintiffs received a proper hearing.

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). But the only opportunity the City made available to the Plaintiffs was the chance to request a variance from the zoning board, which offered no means to oppose the City's determination of vacancy or its decision to rescind the properties' viable-nonconforming-use status. JA 474. The district court correctly determined that the City did not provide the Plaintiffs with a meaningful opportunity to be heard after revoking the Plaintiffs' property interest.

IV.

Because we agree with the district court that the City's actions violated procedural due process, we affirm the grant of summary judgment for the Plaintiffs and the denial of summary judgment for the City.